IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JIM T. GLOVER | ) | CASE NO. 4:10CV0528 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAVID D. DOWD, JR. |
| v. | ) | |
| | ) | |
| OHIO DEPARTMENT OF | ) | MEMORANDUM OF OPINION |
| CORRECTIONS, et al. | ) | AND ORDER |
| | ) | |
| Defendants. | | |

Plaintiff *pro se* Jim T. Glover, incarcerated at the Southern Ohio Correctional Facility located in Lucasville, Ohio, brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Defendants Ohio Department of Corrections ("ODRC"), Lieutenant Anthony Davis ("Davis") and Corrections Officer Patrick Turpack ("Turpack").[1] He alleges that, on January 8, 2010, Davis and Turpack entered his cell and assaulted him for no apparent reason. Plaintiff states that he suffered bruises to his body, including his arms and back. Now he cannot get dressed or bathe without suffering major pain and cannot sleep due to pain in his neck and back.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197

---

[1] The correct name of this agency is the Ohio Department of Rehabilitation and Correction.

(6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

The ODRC is an Ohio agency. *Collins v. Ohio Department of Rehabilitation and Correction*, 2007 WL 2769592 * 2(S.D. Ohio Sep. 18, 2007). The Eleventh Amendment to the United States Constitution prohibits a citizen of a state from suing that state, or one of its agencies, in federal court unless the state consents to such suit or there is an express statutory waiver of immunity. *Hans v. Louisiana,* 134 U.S. 1(1890); *Jacobs v. Ohio Dept. of Rehabilitation and Correction*, 2009 WL 3126285 * 3 (S.D. Ohio, Sep.23, 2009) (citing *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 98-99 (1984). The State of Ohio has not consented to suit in federal court. *Jacobs*, 2009 WL 3126285 at * 3. Rev.Code Ann. § 2743.02(A)(1) (West 2009). Therefore, the ODRC is immune from suit for money damages and must be dismissed as a party defendant.

A plaintiff bringing an excessive force claim against a public official must prove that the official action was, under the factual circumstances of the particular case, objectively unreasonable. *See Graham,* 490 U.S. at 394-97; *Tennessee v. Garner,* 471 U.S. 1, 7-9 (1985); *Phelps v. Coy,* 286 F.3d 295 (6th Cir. 2002); *Estate of Owensby v. City of Cincinnati*, 385 F.Supp.2d 626, 642 (S.D. Ohio 2004). The Sixth Circuit has held that although an inmate may bring a claim for excessive force under the Eighth Amendment, an excessive-force claimant must show something more than *de minimis* force. *Leary v. Livingston County*, 528 F.3d 438, 443 (6th Cir. 2008) (citing *Hudson v. McMillian,* 503 U.S. 1, 9-10 (1992)). Minor contact cannot be the foundation of an Eighth Amendment claim because it does not rise to the level of the "extreme deprivation" required to satisfy the objective component of an Eighth Amendment conditions-of-confinement claim. *Delaney v. DeTella,* 256 F.3d 679, 683 (7th Cir.2001); *Gosser v. Pulaski County Detention Center,* 2006 WL 1542605 * 3 (E.D. Ky. May 31, 2006).

Plaintiff describes the alleged assault in detail. He contends that, as a result, he sustained bruises to his body, including his arms and back, and cannot get dressed or bathe without suffering major pain and cannot sleep due to pain in his neck and back. At this time, Plaintiff should be allowed to proceed in accordance with this opinion.

Accordingly, Defendant ODRC is dismissed. As to the remaining Defendants, Davis and Turpack, the Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process. The Clerk's Office shall include a copy of this order in the documents to be served upon the remaining Defendants.

IT IS SO ORDERED.


 May 7, 2010                                                    s/David D. Dowd, Jr.
Date                                                           JUDGE DAVID D. DOWD, JR.
                                                               UNITED STATES DISTRICT JUDGE